THE STATE, EX REL. COFALL, APPELLANT, *v.* BOARD OF ELECTIONS OF CUYAHOGA COUNTY ET AL., APPELLEES.*

(No. 26897—Decided March 26, 1964.)

*Judgment affirmed, 176 Ohio St., 191.

*Mr. Donald P. Mull,* for relator.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Frederick W. Frey,* for respondents.

*Per Curiam.* This is an action in prohibition brought in this court against the Board of Elections of Cuyahoga County.

Relator's petition recites in substance that on February 4, 1964, William J. McCrone filed nominating petitions with the board of elections for the nomination of the Republican Party for election to the office of "Clerk of Courts"; that relator is a citizen taxpayer and qualified elector of such county, eligible to vote for candidates for the office of Clerk of Court of Common Pleas, and brings this action on behalf of herself and other persons similarly situated; that a protest by relator was entered with the board on February 15, 1964, challenging the validity of the nominating petitions filed by McCrone because there is no office of "Clerk of Courts" provided for under Ohio law; that Section 2303.01 of Revised Code provides only for the election of "A Clerk of the Court of Common Pleas"; that on March 6, 1964, the board overruled the protest; and that the action of the board was arbitrary and an abuse of its discretion and contrary to law. Relator asks that respondents be prohibited from certifying, printing and placing the name of William J. McCrone on the ballot and from distributing for use at the primary election any ballots bearing his name. Respondents stipulate that certain parts of the petition are admitted and deny certain other parts thereof.

The petition does not allege that the relator filed the protest against McCrone's candidacy with the board of elections as a qualified elector who is a member of the same political party as the candidate. This is the requirement of Section 3513.05, Revised Code. That she is a Republican is stated in relator's brief but such status is not contained in the stipulation.

This might provide a valid reason for necessarily denying relator's petition for a writ of prohibition, but we prefer to pass on the chief question presented to this court.

The declaration filed with the board of elections by William J. McCrone read, in part, as follows:

"Declaration of Candidacy
Party Primary Election
For County Office

"* * * I hereby declare that I desire to be a candidate for nomination as a candidate of the Republican Party for election to the office of Clerk of Courts for the full term in the county of Cuyahoga, at the primary election to be held on the 5th day of May, 1964, and I hereby request that my name be printed upon the official primary election ballot of the said Republican Party as a candidate for such nomination as provided by law. * * *."

The issue to be decided, therefore, is: Did the board of elections abuse its discretion in disallowing relator's protest against the candidacy of William J. McCrone because he stated in his declaration of candidacy that he was a candidate for "Clerk of Courts" when the statutory designation of the office for which he was seeking the Republican nomination in the May 1964 primary is that of Clerk of the Court of Common Pleas?

The board of elections has the mandatory duty imposed by Section 3501.11 (K), Revised Code, to "review, examine, and certify the sufficiency and validity of petitions and nomination papers" and by law (Section 3513.05, Revised Code) its decision with respect thereto is final.

The judicial branch of the government possesses the authority to set aside decisions of boards of elections only where the record discloses that the board has abused its discretion, acted contrary to law, or there is a showing of fraud or corruption.

The statute relating to primary elections provides that the form of declaration of candidacy and petition of a person desiring to be a candidate for a party nomination shall substantially conform to a form given therein. Section 3513.07, Revised Code. McCrone's declaration satisfied that section.

Section 2303.01, Revised Code, provides for the election of a Clerk of the Court of Common Pleas. Section 2303.03, Revised Code, states that the Clerk of the Court of Common Pleas shall also be the Clerk of the Court of Appeals. The office for years has been commonly, even universally, in this county, known as "Clerk of Courts." The official is the clerk of the two courts. We take judicial notice of the fact that the office is

listed on the building directory of the Court House in Cuyahoga County as "Clerk of Courts"; that the sign over the doorway to this official's office is "Clerk of Courts"; and that the sign in front of his private office is "Clerk of Courts." In the primary and general elections of 1964, this is the only clerk's office in Cuyahoga County for which there is to be an election. This declaration of candidacy is not ambiguous in any sense. There can be no confusion in the mind of any reasonable person as to the office referred to in McCrone's declaration of candidacy. There is no evidence before us that any of the signers of McCrone's petition were mislead. Two members of the board of elections of opposite political faiths stated in open court, and their statements were not controverted, that the office has been known as "Clerk of Courts" for many years. Declarations of candidacy should not be rejected for mere technical defects when the board of elections is able to clearly determine from the petition the office for which the declarant is a candidate. We consider this designation of the office sought in McCrone's declaration of candidacy to be a mere technical defect and not a defect of substance.

Accordingly, it is our determination and we so hold that the board of elections did not abuse its discretion in the decision finding McCrone's declaration of candidacy and petition to be valid. Their disallowance of the protest is not arbitrary, unreasonable or capricious and is not contrary to law, and, as a consequence, the writ of prohibition is denied.

*Writ denied.*

KOVACHY, P. J., and CORRIGAN, J., concur.
ARTL, J., dissents.